**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANGELA MCIVER,**

**Petitioner,**

v.

**STATE OF OHIO, et al.,**

**Respondent.**

**Case No. 2:05-CV-287
JUDGE SARGUS
Magistrate Judge KING**

**<u>OPINION AND ORDER</u>**

On May 26, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending

that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. On June 5,

2005, petitioner filed objections to the *Report and Recommendation*.

Petitioner objects to the Magistrate Judge's conclusion that the Double Jeopardy Clause does

not bar her prosecution on three counts of theft in office. Petitioner argues that *Blockburger v.*

*United States*, 284 U.S. 299 (1932), is not dispositive of this case. Instead, petitioner argues, the

State of Ohio should have brought all charges of theft in office against her in a single indictment;

because it did not, her prosecution for theft in office in a second indictment constitutes an improper

multiple and successive prosecution for the same offense committed at separate times analogous to

*Rashad v. Burt,* 108 F.3d 677 (6th Cir. 1997). *Objections* at 15. This Court is not persuaded by

petitioner's argument.

In *Rashad,* the United States Court of Appeals for the Sixth Circuit held:

> The *Blockburger* standard ...does not help us resolve a double
> jeopardy inquiry involving successive prosecutions. The concern in
> such a situation is whether a defendant is being prosecuted twice for

the same act or transaction. The proper standard for determining if this has occurred, and thus if the two prosecutions violate double jeopardy, is to ask whether the actual evidence needed to convict the defendant in the first trial is the same as the evidence needed to obtain the second conviction. If the same evidence will serve for both convictions--irrespective of whether the convictions are under statutes that satisfy *Blockburger's* "same elements" test--the second prosecution is barred by double jeopardy. [FN1] *See Jordan*, 653 F.2d at 873 (citing *Ex parte Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889)). Stated another way, successive prosecutions based on the same "fact situation" are barred by double jeopardy if the separate charges could have been joined and no significant additional fact was required in the second prosecution. *Id.* at 874.

Id., at 680. The Sixth Circuit concluded that Rashad's prosecution in two separate trials for possession with intent to distribute cocaine constituted an impermissible successive prosecution for the one criminal act.

> ...Rashad was involved in a single criminal transaction. Generally, courts which have considered the issue have determined that separate convictions for possession of the same controlled substance will not violate the Double Jeopardy Clause if the possessions are sufficiently differentiated by time, location, or intended purpose.....
>
> None of the legitimate bases for differentiating the stashes of cocaine in this case appear to exist. The entirety of the police confrontation with Rashad occurred during the execution of the search warrant for his residence. Both quantities were located at his home and both were seized at essentially the same time and place. There is no evidence in the record that either stash, or any specific amount of cocaine whatever, was intended by Rashad to be dedicated to a specific distribution. *Johnson,* 977 F.2d at 1374 (holding that in the absence of "demonstrated intent" that the two caches were for different purposes or transactions, their possession should have been charged in a single prosecution). Instead, the two stashes of cocaine were possessed, seized, and ultimately found as part of a continuous time sequence, and both possessions were unified by a single intent and goal of distribution. Thus... Rashad's second prosecution violates the Double Jeopardy Clause.

2

By treating Rashad's behavior as two separate crimes simply because the two stashes of drugs were stored in different locations, the State has subjected Rashad to two trials for the same criminal transaction. We note that the cocaine at issue was stored in a rear quarter panel of Rashad's car at the time police initially searched and impounded the vehicle. A fully competent search of the car on the day of its seizure would have uncovered this second stash of cocaine at the same time that drugs were found in the Greydale residence. Thus, a proper and thorough police investigation would have revealed the evidence necessary to charge possession of all the cocaine in a single count or, at the very least, in a single indictment. Instead, each of Rashad's two state court prosecutions charged him with approximately one-half of a single possessory crime. This is exactly what the Double Jeopardy Clause is designed to guard against. Were we not to find a double jeopardy violation on these facts, we would, in effect, be rewarding the State for its failure to discover evidence in a timely manner, as we would be allowing the State to benefit from this late discovery by prosecuting a single transaction as two separate crimes.

It is significant that even at the date the drugs were discovered in the Lincoln, the State had ample time to join the two charges in one trial, as Rashad's initial prosecution was still in its early stages. We have no doubt that had each stash of cocaine weighed five hundred grams, rather than five kilograms, the prosecution would have viewed the two stashes as part of a single transaction in order to reach the six hundred and fifty gram threshold required under Michigan law. That interpretation would have been correct, and a single indictment and prosecution would have afforded examination and punishment of the entirety of Rashad's conduct. The actual course chosen by the State was an impermissible effort to secure two bites at the apple at the expense of Rashad's constitutional right not to "be twice put in jeopardy" for the same offense. We therefore hold that Rashad's second prosecution violates the Double Jeopardy Clause[.]

*Id.*, at 680-681 (citations omitted). Here, the record does not demonstrate that the current charges

pending against petitioner arose from the same criminal act. As noted by the state trial court:

In the earlier case, Defendant wrote herself 100 extra paychecks during 2003. The present indictment alleges that Defendant stole cash collected from customers' utility payments during 2001, 2002, and 2003... [I]n the earlier case, Defendant was authorized to write checks but exceeded the scope of her authority by writing

unauthorized checks to herself. In the present case, Defendant is alleged to have committed theft by taking money that she had no authority to take.

Exhibit F to Return of Writ.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* to which petitioner objects. Based upon the foregoing, and for the reasons discussed in the *Report and Recommendation*, petitioner's objections are **OVERRULED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This case is hereby **DISMISSED.** The Clerk is **DIRECTED** to enter final judgment dismissing this case.

6-16-2005
DATE

EDMUND A. SARGUS, JR.
United States District Judge